Matter of Frank (2019 NY Slip Op 06220)





Matter of Frank


2019 NY Slip Op 06220


Decided on August 21, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-06419

[*1]In the Matter of Neil M. Frank, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1049741)



APPLICATION pursuant to 22 NYCRR 1240.10 by Neil M. Frank, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 16, 1963, to resign as an attorney and counselor-at-law.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for Grievance Committee for the Tenth Judicial District.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Neil M. Frank, has submitted an affidavit sworn to on May 20, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is the subject of an investigation conducted by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct, which include the following: engaging in conduct involving misrepresentation; engaging in conduct that is prejudicial to the administration of justice; failing to preserve funds entrusted to him as a fiduciary; issuing checks payable to "cash" against his IOLA account; and commingling client funds with his own funds. He attests that he cannot successfully defend against the allegations based upon the facts and circumstances of his above described professional misconduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent acknowledges that funds were not preserved as set forth in charges five and nine of a petition dated May 23, 2018. However, clients Alex and Jerzon Pineda were made whole prior to the charges rendered against him. Moreover, he tendered a check in the amount of $985.71 to the Lawyers' Fund for Client Protection in connection with client Eugene Barma.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in [*2]any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
The respondent acknowledges that in the event that this Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted, and confirms that restitution was made.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ.,concur.
ORDERED that the application of the respondent, Neil M. Frank, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Neil M. Frank, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Neil M. Frank, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Neil M. Frank, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Neil M. Frank, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court